UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

In re:

CTC COMMUNICATIONS GROUP, INC., et al., )
                                         )
                    Debtors              )    Chapter 11
_____)
CTC LITIGATION TRUST,                    )
                                         )
                    Plaintiff,           )
                                         )    Adv. Pro. No. 03-01494
            v.                           )
FREDERIC KUNZI,                          )
                                         )
                    Defendant            )
_____)

### DEFENDANT'S MOTION TO WITHDRAW REFERENCE

Defendant, Frederic Kunzi, by his undersigned counsel, moves for entry of an order withdrawing the reference in this adversary proceeding pursuant to 28 U.S.C. § 157(d) and Local Rule 5011-1. Although filed in the Bankruptcy Court, this motion is addressed to the United States District Court for the District of Massachusetts and shall be heard by a District Judge. In support of the motion, defendant respectfully represents as follows:

1. The Complaint alleges that defendant executed a series of promissory notes in favor of CTC Communications Group, Inc. ("CTC") prior to the filing of the bankruptcy proceeding and has not repaid the Notes. All of the Notes were written and had due dates prior to the filing of the Chapter 11 proceeding.

2. In his Answer, defendant asserts affirmative defenses of fraud in the inducement of the loans and that CTC expressly and by its actions forgave the repayment of the Notes. ( The factual basis for these defenses was set forth in affidavits

submitted in connection with Defendant's Motion to Transfer Venue which was granted by the United States Bankruptcy Court in Delaware and are attached hereto as Exhibits as A through E and incorporated in this motion.)

3. In his Answer, defendant also demands a jury trial of all issues so triable and does not consent to trial before the Bankruptcy Court.[1] Defendant also does not consent to the entry of final orders or judgments by the Bankruptcy Court in this adversary proceeding.

4. As demonstrated herein and in the accompanying memorandum of law, there is ample "cause" to withdraw the reference of this adversary proceeding under 28 U.S.C. § 157(d). In evaluating "cause," courts look to (1) whether the proceeding is core or non-core, and (2) other considerations such as uniformity of administration of the estate, judicial economy, fostering economic use of debtor and creditor resources, reducing forum shopping and confusion and expediting the bankruptcy process. See, for example, *Orion Pictures Corp. v. Showtime Networks, Inc.*, 4 F3d. 1095, 1101 (2d Cir. 1993.)

---

[1] Although defendant filed a proof of claim in this proceeding, this case does not affect the allowance or disallowance of claims and therefore does not affect defendant's right to a jury trial. *Langenkamp v. Culp*, 498 US 42 (1991). "[N]either precedent nor logic supports the proposition that either the creditor or the debtor automatically waives all right to a jury trial whenever a proof of claim is filed. For a waiver to occur, the dispute must be part of the claims-allowance process or affect the hierarchical reordering of creditor's claims. Even there the right to a jury trial is lost not so much because it is waived, but because the legal dispute has been transformed into an equitable issue." *Germain v. Connecticut National Bank*, 988 F.2d 1323, 1330 (2nd Cir. 1993) This case is not based upon equitable principles, but simply is a contract dispute over the validity and collection of a series of pre-petition promissory notes. The Chapter 11 Plan has been confirmed; the case in no way affects the allowance or disallowance of a claim and the administration of the estate. Accordingly, defendant has not waived his right to a trial by jury.

5. In an attempt to transmogrify this non-core case into a core case, plaintiff alleged that the disputed amounts due under the Notes were in fact, already property of the estate which the defendants had failed to turn over in violation of the automatic stay in the Chapter 11 proceeding. This tendentious claim is without merit. No matter how inventively characterized by the Debtor, the adversary proceeding is simply a state common law suit to collect upon an alleged debt arising from a series of Notes. As such, it is not a core proceeding under the Bankruptcy Act.

6. In this case, the question of the whether defendant owes funds under the Notes, and the underlying validity of the Notes and the obligations thereunder are questions of state contract and not a matter for the Bankruptcy Court's equitable jurisdiction. These issues do not implicate federal bankruptcy statutes, and could have been brought in state courts absent the bankruptcy filings. This is precisely the sort of "garden variety" contract dispute that the United States Supreme Court held could only be litigated in Bankruptcy Court with the consent of the litigants. *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50 (1982). "Congress may not vest a non-Article III court the power to adjudicate, render final judgment, and issue binding orders in a traditional contract action arising under state law, without consent of the litigants..." *Thomas v. Union Carbide Agricultural Products Co.*, 473 U.S. 568, 584 (1985.)

7. Moreover, there is already pending a related District Court case which may determine Mr. Kunzi's right to offset any amount due under the Notes. *Kunzi v. Katzenstein*, 03-CV-11931- RCL. In that case, Mr. Kunzi alleges that the

defendant, Michael Katzenstein, the former CEO of the Debtor, in violation of the Massachusetts Wage Act, M.G.L. c. 149, failed to pay him his wages, including severance, vacation and insurance benefits when he terminated Mr. Kunzi prior to the filing of the Chapter 11 proceeding. Mr. Kunzi is seeking treble damages under the Wage Act. Defendant, Mr. Katzenstein challenges whether the Wage Act covers severance benefits.

8. In his Answer in this case, defendant Kunzi asserts a right to offset these unpaid wages, including severance, vacation and health insurance. He further asserts a right to treble damage under the Massachusetts Wage Act as an offset for the unpaid wages

9. In previously filed court pleadings, the Debtor recognized the connection between the Note case and the unpaid severance issue. In fact, in its October 9, 2003 Objection to the Motion of the Official Committee of Unsecured Creditors [filed in the United States Bankruptcy Court for the District of Delaware] the Debtor asserted that the unpaid severance may serve to offset any recovery from the loans. (A copy of the relevant portions of the Objection is attached hereto as Exhibit F, Objection at 12.) The pleadings also noted that Mr. Kunzi's severance was withheld purposefully because of the claimed debt under the Notes. (Objection at 9.)

10. Accordingly, consolidating the adversary proceeding with the already pending Federal District Court case would be in the interests of judicial economy and in avoiding potentially conflicting decisions and orders.

11. For all of these reasons, defendant has demonstrated "cause" to withdraw the

reference under Section 157(d).

12. The Court is respectfully referred to the accompanying memorandum of law for a complete discussion of the facts relevant to this Motion and applicable legal standards. In accordance with Fed. R. Bankr. P. 7005, this Motion and Notice thereof have been served on the attorneys for Plaintiff.

Dated: March 30, 2004

Respectfully submitted,
Frederic Kunzi, by his attorney,

Paul M. Glickman BBO No. 550840
Glickman Turley, LLP
250 Summer Street
Boston, MA 02210
(617) 399-7770

FILED IN CLERK'S OFFICE 2004 MAR 31 A 11: 53 U.S. BANKRUPTCY COURT DISTRICT OF MASS

CERTIFICATE OF SERVICE

Paul M. Glickman certifies that on this 30 day of March 2004, he served the foregoing by first class mail upon Robert L. Harris, Esq., Brown Rudnick Berlack Israels, LLP., One Financial Center, Boston, MA 02111.

Paul M. Glickman