**EXHIBIT D**

## PROMISSORY NOTE

$50,000.00

WALTHAM, MA

July 28, 2000

FOR VALUE RECEIVED, the undersigned, Frederic Kunzi, (the "Maker"), promises to pay to the order of CTC Communications Corp. (the "Payee") the principal sum of Fifty Thousand Dollars ($50,000) plus interest in the amount specified below. The unpaid principal from time to time outstanding shall bear interest prior to maturity at an annual rate of interest equal to ten and three quarter percent (10.75%) per annum, and all interest accrued on the outstanding principal balance of this Promissory Note shall be due and payable as provided below.

The Maker agrees to pay the entire amount due hereunder, including principal and all accrued and unpaid interest, on or before July 28, 2001. Interest hereon shall be calculated on the basis of a 360-day year applied to the actual number of days elapsed until all accrued and unpaid interest is paid in full. All payments of principal and interest hereon shall be payable in lawful currency of the United States.

If payment of the principal and/or interest is not actually received by the Payee on or before the date due, the Maker agrees to pay Payee a late charge equal to the lesser of fifteen percent (15%) per annum or the highest lawful rate per annum, on the delinquent amount until paid (the "Default Rate"). All interest due and payable hereunder which is not paid when due for any reason shall be cumulated, added to the principal and accrue interest at the Default Rate.

Prepayment of the principal of this Promissory Note is permitted, in whole or in part, at anytime, without premium or penalty of any kind. All partial prepayments of principal shall reduce the principal balance hereunder in reverse order of maturity.

This Promissory Note may not be changed orally, but only by an agreement in writing signed by the parties against whom enforcement of any waiver, change, modification or discharge is sought.

The holder of this Promissory Note and all successors thereof shall have all the rights of a holder in due course as provided by the Massachusetts Uniform Commercial Code and the other laws of the state of Massachusetts. Maker hereby waives demand, presentment, protest, notice of protest and/or dishonor and all other notices or requirements that might otherwise be required by law. The Maker promises to pay on demand all costs of collection, including reasonable attorneys' fees and court costs, paid or incurred by Payee to enforce this Promissory Note upon an Event of Default (as defined below) hereunder. The occurrence of any of the following shall constitute an "Event of Default" under this Promissory Note:

   a.    the failure of the Maker to make any payment when due under this Promissory Note;

PN-Form 1



EXHIBIT

b       the institution of proceedings by or against the Maker under any state insolvency laws, federal bankruptcy law, or similar debtor relief laws then in effect

Upon an Event of Default which has not been cured within ten (10) business days from the date of written notice by Payee, Payee may, at Payee's option and without notice, declare all principal and interest due under this Promissory Note to be due and payable immediately  Payee may waive any default before or after it occurs and may restore this Promissory Note in full effect without impairing the right to declare it due for a subsequent default

1/3/00

Frederic Runzi

PN-Form 1

## PROMISSORY NOTE

$75,000.00

WALTHAM, MA

October 23, 2000

FOR VALUE RECEIVED, the undersigned, Frederic Kunzi, (the "Maker"), promises to pay to the order of CTC Communications Corp. (the "Payee") the principal sum of Seventy Five Thousand Dollars ($75,000) plus interest in the amount specified below The unpaid principal from time to time outstanding shall bear interest prior to maturity at an annual rate of interest equal to ten and three quarter percent (10 75%) per annum, and all interest accrued on the outstanding principal balance of this Promissory Note shall be due and payable as provided below

The Maker agrees to pay the entire amount due hereunder, including principal and all accrued and unpaid interest, on or before October 23, 2001 Interest hereon shall be calculated on the basis of a 360-day year applied to the actual number of days elapsed until all accrued and unpaid interest is paid in full All payments of principal and interest hereon shall be payable in lawful currency of the United States

If payment of the principal and/or interest is not actually received by the Payee on or before the date due, the Maker agrees to pay Payee a late charge equal to the lesser of fifteen percent (15%) per annum or the highest lawful rate per annum, on the delinquent amount until paid (the "Default Rate") All interest due and payable hereunder which is not paid when due for any reason shall be cumulated, added to the principal and accrue interest at the Default Rate

Prepayment of the principal of this Promissory Note is permitted, in whole or in part, at anytime, without premium or penalty of any kind All partial prepayments of principal shall reduce the principal balance hereunder in reverse order of maturity

This Promissory Note may not be changed orally, but only by an agreement in writing signed by the parties against whom enforcement of any waiver, change, modification or discharge is sought

The holder of this Promissory Note and all successors thereof shall have all the rights of a holder in due course as provided by the Massachusetts Uniform Commercial Code and the other laws of the state of Massachusetts Maker hereby waives demand, presentment, protest, notice of protest and/or dishonor and all other notices or requirements that might otherwise be required by law The Maker promises to pay on demand all costs of collection, including reasonable attorneys' fees and court costs, paid or incurred by Payee to enforce this Promissory Note upon an Event of Default (as defined below) hereunder The occurrence of any of the following shall constitute an "Event of Default" under this Promissory Note.

a        the failure of the Maker to make any payment when due under this Promissory Note,

PN-Form 1



EXHIBIT

2

b.    the institution of proceedings by or against the Maker under any state insolvency laws, federal bankruptcy law, or similar debtor relief laws then in effect

Upon an Event of Default which has not been cured within ten (10) business days from the date of written notice by Payee, Payee may, at Payee's option and without notice, declare all principal and interest due under this Promissory Note to be due and payable immediately  Payee may waive any default before or after it occurs and may restore this Promissory Note in full effect without impairing the right to declare it due for a subsequent default

Frederic Kunzi

PN-Form 1

**PROMISSORY NOTE**

$70,000.00

WALTHAM, MA

October 31, 2000

FOR VALUE RECEIVED, the undersigned, Frederic Kunzi, (the "Maker"), promises to pay to the order of CTC Communications Corp. (the "Payee") the principal sum of Seventy Thousand Dollars ($70,000) plus interest in the amount specified below. The unpaid principal from time to time outstanding shall bear interest prior to maturity at an annual rate of interest equal to ten and three quarter percent (10.75%) per annum, and all interest accrued on the outstanding principal balance of this Promissory Note shall be due and payable as provided below.

The Maker agrees to pay the entire amount due hereunder, including principal and all accrued and unpaid interest, on or before October 31, 2001. Interest hereon shall be calculated on the basis of a 360-day year applied to the actual number of days elapsed until all accrued and unpaid interest is paid in full. All payments of principal and interest hereon shall be payable in lawful currency of the United States.

If payment of the principal and/or interest is not actually received by the Payee on or before the date due, the Maker agrees to pay Payee a late charge equal to the lesser of fifteen percent (15%) per annum or the highest lawful rate per annum, on the delinquent amount until paid (the "Default Rate"). All interest due and payable hereunder which is not paid when due for any reason shall be cumulated, added to the principal and accrue interest at the Default Rate.

Prepayment of the principal of this Promissory Note is permitted, in whole or in part, at anytime, without premium or penalty of any kind. All partial prepayments of principal shall reduce the principal balance hereunder in reverse order of maturity.

This Promissory Note may not be changed orally, but only by an agreement in writing signed by the parties against whom enforcement of any waiver, change, modification or discharge is sought.

The holder of this Promissory Note and all successors thereof shall have all the rights of a holder in due course as provided by the Massachusetts Uniform Commercial Code and the other laws of the state of Massachusetts. Maker hereby waives demand, presentment, protest, notice of protest and/or dishonor and all other notices or requirements that might otherwise be required by law. The Maker promises to pay on demand all costs of collection, including reasonable attorneys' fees and court costs, paid or incurred by Payee to enforce this Promissory Note upon an Event of Default (as defined below) hereunder. The occurrence of any of the following shall constitute an "Event of Default" under this Promissory Note:

    a.    the failure of the Maker to make any payment when due under this Promissory Note;

PN-Form 1



b      the institution of proceedings by or against the Maker under any state insolvency laws, federal bankruptcy law, or similar debtor relief laws then in effect

Upon an Event of Default which has not been cured within ten (10) business days from the date of written notice by Payee, Payee may, at Payee's option and without notice, declare all principal and interest due under this Promissory Note to be due and payable immediately  Payee may waive any default before or after it occurs and may restore this Promissory Note in full effect without impairing the right to declare it due for a subsequent default

_____
Frederic Kunzi

PN-Form 1

## PROMISSORY NOTE

<u>$29,000.00</u>

WALTHAM, MA

<u>November 27, 2000</u>

FOR VALUE RECEIVED, the undersigned, Frederic Kunzi, (the "Maker"), promises to pay to the order of <u>CTC Communications Corp.</u> (the "Payee") the principal sum of <u>Twenty Nine Thousand Dollars ($29,000)</u> plus interest in the amount specified below. The unpaid principal from time to time outstanding shall bear interest prior to maturity at an annual rate of interest equal to <u>ten and three quarter</u> percent (10.75%) per annum, and all interest accrued on the outstanding principal balance of this Promissory Note shall be due and payable as provided below.

The Maker agrees to pay the entire amount due hereunder, including principal and all accrued and unpaid interest, on or before <u>November 27, 2001</u>. Interest hereon shall be calculated on the basis of a 360-day year applied to the actual number of days elapsed until all accrued and unpaid interest is paid in full. All payments of principal and interest hereon shall be payable in lawful currency of the United States.

If payment of the principal and/or interest is not actually received by the Payee on or before the date due, the Maker agrees to pay Payee a late charge equal to the lesser of <u>fifteen</u> percent (15%) per annum or the highest lawful rate per annum, on the delinquent amount until paid (the "Default Rate"). All interest due and payable hereunder which is not paid when due for any reason shall be cumulated, added to the principal and accrue interest at the Default Rate.

Prepayment of the principal of this Promissory Note is permitted, in whole or in part, at anytime, without premium or penalty of any kind. All partial prepayments of principal shall reduce the principal balance hereunder in reverse order of maturity.

This Promissory Note may not be changed orally, but only by an agreement in writing signed by the parties against whom enforcement of any waiver, change, modification or discharge is sought.

The holder of this Promissory Note and all successors thereof shall have all the rights of a holder in due course as provided by the Massachusetts Uniform Commercial Code and the other laws of the state of Massachusetts. Maker hereby waives demand, presentment, protest, notice of protest and/or dishonor and all other notices or requirements that might otherwise be required by law. The Maker promises to pay on demand all costs of collection, including reasonable attorneys' fees and court costs, paid or incurred by Payee to enforce this Promissory Note upon an Event of Default (as defined below) hereunder. The occurrence of any of the following shall constitute an "Event of Default" under this Promissory Note:

a.    the failure of the Maker to make any payment when due under this Promissory Note;

PN-Form 1



EXHIBIT
4

b.    the institution of proceedings by or against the Maker under any state insolvency laws, federal bankruptcy law, or similar debtor relief laws then in effect

Upon an Event of Default which has not been cured within ten (10) business days from the date of written notice by Payee, Payee may, at Payee's option and without notice, declare all principal and interest due under this Promissory Note to be due and payable immediately. Payee may waive any default before or after it occurs and may restore this Promissory Note in full effect without impairing the right to declare it due for a subsequent default

Frederic Kunzi

PN-Form 1

CTC 000015

# PROMISSORY NOTE

$79,882.00

WALTHAM, MA

December 1, 2000

FOR VALUE RECEIVED, the undersigned, Frederic Kunzi, (the "Maker"), promises to pay to the order of CTC Communications Corp. (the "Payee") the principal sum of Seventy Nine Thousand Eight Hundred Eighty Two Dollars ($79,882) plus interest in the amount specified below. The unpaid principal from time to time outstanding shall bear interest prior to maturity at an annual rate of interest equal to ten and three quarter percent (10.75%) per annum, and all interest accrued on the outstanding principal balance of this Promissory Note shall be due and payable as provided below.

The Maker agrees to pay the entire amount due hereunder, including principal and all accrued and unpaid interest, on or before December 1, 2001. Interest hereon shall be calculated on the basis of a 360-day year applied to the actual number of days elapsed until all accrued and unpaid interest is paid in full. All payments of principal and interest hereon shall be payable in lawful currency of the United States.

If payment of the principal and/or interest is not actually received by the Payee on or before the date due, the Maker agrees to pay Payee a late charge equal to the lesser of fifteen percent (15%) per annum or the highest lawful rate per annum, on the delinquent amount until paid (the "Default Rate"). All interest due and payable hereunder which is not paid when due for any reason shall be cumulated, added to the principal and accrue interest at the Default Rate.

Prepayment of the principal of this Promissory Note is permitted, in whole or in part, at anytime, without premium or penalty of any kind. All partial prepayments of principal shall reduce the principal balance hereunder in reverse order of maturity.

This Promissory Note may not be changed orally, but only by an agreement in writing signed by the parties against whom enforcement of any waiver, change, modification or discharge is sought.

The holder of this Promissory Note and all successors thereof shall have all the rights of a holder in due course as provided by the Massachusetts Uniform Commercial Code and the other laws of the state of Massachusetts. Maker hereby waives demand, presentment, protest, notice of protest and/or dishonor and all other notices or requirements that might otherwise be required by law. The Maker promises to pay on demand all costs of collection, including reasonable attorneys' fees and court costs, paid or incurred by Payee to enforce this Promissory Note upon an Event of Default (as defined below) hereunder. The occurrence of any of the following shall constitute an "Event of Default" under this Promissory Note:

a.  the failure of the Maker to make any payment when due under this Promissory Note;

PN-Form 1



EXHIBIT
5

b.    the institution of proceedings by or against the Maker under any state insolvency laws, federal bankruptcy law, or similar debtor relief laws then in effect.

Upon an Event of Default which has not been cured within ten (10) business days from the date of written notice by Payee, Payee may, at Payee's option and without notice, declare all principal and interest due under this Promissory Note to be due and payable immediately  Payee may waive any default before or after it occurs and may restore this Promissory Note in full effect without impairing the right to declare it due for a subsequent default

Frederic Kunzi

**PN-Form 1**

PROMISSORY NOTE

$55,375.00
WALTHAM, MA

July 28, 2001

FOR VALUE RECEIVED, the undersigned, Frederic Kunzi, (the "Maker"), promises to pay
to the order of CTC Communications Corp. (the "Payee") the principal sum of Fifty-Five
Thousand Three-Hundred Seventy-Five Dollars ($55,375.00) plus interest in the amount
specified below. The unpaid principal from time to time outstanding shall bear interest prior
to maturity at an annual rate of interest equal to ten and three quarter percent (10.75%) per
annum, and all interest accrued on the outstanding principal balance of this Promissory Note
shall be due and payable as provided below.

The Maker agrees to pay the entire amount due hereunder, including principal and all
accrued and unpaid interest, on or before July 28, 2002. Interest hereon shall be
calculated on the basis of a 360-day year applied to the actual number of days elapsed
until all accrued and unpaid interest is paid in full. All payments of principal and interest
hereon shall be payable in lawful currency of the United States.

If payment of the principal and/or interest is not actually received by the Payee on or
before the date due, the Maker agrees to pay Payee a late charge equal to the lesser of
fifteen percent (15%) per annum or the highest lawful rate per annum, on the delinquent
amount until paid (the "Default Rate"). All interest due and payable hereunder which is
not paid when due for any reason shall be cumulated, added to the principal and accrue
interest at the Default Rate.

Prepayment of the principal of this Promissory Note is permitted, in whole or in part, at
anytime, without premium or penalty of any kind. All partial prepayments of principal
shall reduce the principal balance hereunder in reverse order of maturity.

This Promissory Note may not be changed orally, but only by an agreement in writing
signed by the parties against whom enforcement of any waiver, change, modification or
discharge is sought.

The holder of this Promissory Note and all successors thereof shall have all the rights of a
holder in due course as provided by the Massachusetts Uniform Commercial Code and
the other laws of the state of Massachusetts. Maker hereby waives demand, presentment,
protest, notice of protest and/or dishonor and all other notices or requirements that might
otherwise be required by law. The Maker promises to pay on demand all costs of
collection, including reasonable attorneys' fees and court costs, paid or incurred by Payee
to enforce this Promissory Note upon an Event of Default (as defined below) hereunder.

The occurrence of any of the following shall constitute an "Event of Default" under this
Promissory Note:

a.    the failure of the Maker to make any payment when due under this Promissory
Note:

EXHIBIT
6

b.    the institution of proceedings by or against the Maker under any state insolvency laws, federal bankruptcy law, or similar debtor relief laws then in effect.

Upon an Event of Default which has not been cured within ten (10) business days from the date of written notice by Payee, Payee may, at Payee's option and without notice, declare all principal and interest due under this Promissory Note to be due and payable immediately. Payee may waive any default before or after it occurs and may restore this Promissory Note in full effect without impairing the right to declare it due for a subsequent default.

Frederic Kunzi, Payee

PROMISSORY NOTE

$83,063                                               WALTHAM, MA

October 23, 2001

FOR VALUE RECEIVED, the undersigned, Frederic Kunzi, (the "Maker"), promises to pay
to the order of CTC Communications Corp. (the "Payee") the principal sum of Eighty-Three
Thousand Sixty-Three Dollars ($83,063.00) plus interest in the amount specified below. The
unpaid principal from time to time outstanding shall bear interest prior to maturity at an
annual rate of interest equal to ten and three quarter percent (10.75%) per annum, and all
interest accrued on the outstanding principal balance of this Promissory Note shall be due and
payable as provided below.

The Maker agrees to pay the entire amount due hereunder, including principal and all
accrued and unpaid interest, on or before October 23, 2002. Interest hereon shall be
calculated on the basis of a 360-day year applied to the actual number of days elapsed
until all accrued and unpaid interest is paid in full. All payments of principal and interest
hereon shall be payable in lawful currency of the United States.

If payment of the principal and/or interest is not actually received by the Payee on or
before the date due, the Maker agrees to pay Payee a late charge equal to the lesser of
fifteen percent (15%) per annum or the highest lawful rate per annum, on the delinquent
amount until paid (the "Default Rate"). All interest due and payable hereunder which is
not paid when due for any reason shall be cumulated, added to the principal and accrue
interest at the Default Rate.

Prepayment of the principal of this Promissory Note is permitted, in whole or in part, at
anytime, without premium or penalty of any kind. All partial prepayments of principal
shall reduce the principal balance hereunder in reverse order of maturity.

This Promissory Note may not be changed orally, but only by an agreement in writing
signed by the parties against whom enforcement of any waiver, change, modification or
discharge is sought.

The holder of this Promissory Note and all successors thereof shall have all the rights of a
holder in due course as provided by the Massachusetts Uniform Commercial Code and
the other laws of the state of Massachusetts. Maker hereby waives demand, presentment,
protest, notice of protest and/or dishonor and all other notices or requirements that might
otherwise be required by law. The Maker promises to pay on demand all costs of
collection, including reasonable attorneys' fees and court costs, paid or incurred by Payee
to enforce this Promissory Note upon an Event of Default (as defined below) hereunder.

The occurrence of any of the following shall constitute an "Event of Default" under this
Promissory Note:



EXHIBIT
7

a.    the failure of the Maker to make any payment when due under this Promissory Note:

b.    the institution of proceedings by or against the Maker under any state insolvency laws, federal bankruptcy law, or similar debtor relief laws then in effect.

Upon an Event of Default which has not been cured within ten (10) business days from the date of written notice by Payee, Payee may, at Payee's option and without notice, declare all principal and interest due under this Promissory Note to be due and payable immediately. Payee may waive any default before or after it occurs and may restore this Promissory Note in full effect without impairing the right to declare it due for a subsequent default.

_____
Frederic Kunzi, Payee

## PROMISSORY NOTE

$77,525.00

WALTHAM, MA

October 31, 2001

FOR VALUE RECEIVED, the undersigned, Frederic Kunzi, (the "Maker"), promises to pay to the order of CTC Communications Corp. (the "Payee") the principal sum of Seventy-Seven Thousand Five-Hundred Twenty-Five Dollars ($77,525.00) plus interest in the amount specified below. The unpaid principal from time to time outstanding shall bear interest prior to maturity at an annual rate of interest equal to ten and three quarter percent (10.75%) per annum, and all interest accrued on the outstanding principal balance of this Promissory Note shall be due and payable as provided below.

The Maker agrees to pay the entire amount due hereunder, including principal and all accrued and unpaid interest, on or before October 31, 2002. Interest hereon shall be calculated on the basis of a 360-day year applied to the actual number of days elapsed until all accrued and unpaid interest is paid in full. All payments of principal and interest hereon shall be payable in lawful currency of the United States.

If payment of the principal and/or interest is not actually received by the Payee on or before the date due, the Maker agrees to pay Payee a late charge equal to the lesser of fifteen percent (15%) per annum or the highest lawful rate per annum, on the delinquent amount until paid (the "Default Rate"). All interest due and payable hereunder which is not paid when due for any reason shall be cumulated, added to the principal and accrue interest at the Default Rate.

Prepayment of the principal of this Promissory Note is permitted, in whole or in part, at anytime, without premium or penalty of any kind. All partial prepayments of principal shall reduce the principal balance hereunder in reverse order of maturity.

This Promissory Note may not be changed orally, but only by an agreement in writing signed by the parties against whom enforcement of any waiver, change, modification or discharge is sought.

The holder of this Promissory Note and all successors thereof shall have all the rights of a holder in due course as provided by the Massachusetts Uniform Commercial Code and the other laws of the state of Massachusetts. Maker hereby waives demand, presentment, protest, notice of protest and/or dishonor and all other notices or requirements that might otherwise be required by law. The Maker promises to pay on demand all costs of collection, including reasonable attorneys' fees and court costs, paid or incurred by Payee to enforce this Promissory Note upon an Event of Default (as defined below) hereunder.

The occurrence of any of the following shall constitute an "Event of Default" under this Promissory Note:



EXHIBIT
8

a.    the failure of the Maker to make any payment when due under this Promissory
Note;

b.    the institution of proceedings by or against the Maker under any state insolvency
laws, federal bankruptcy law, or similar debtor relief laws then in effect.

Upon an Event of Default which has not been cured within ten (10) business days from
the date of written notice by Payee, Payee may, at Payee's option and without notice,
declare all principal and interest due under this Promissory Note to be due and payable
immediately. Payee may waive any default before or after it occurs and may restore this
Promissory Note in full effect without impairing the right to declare it due for a
subsequent default.

_____
Frederic Kunzi, Payee

# PROMISSORY NOTE

**$32,118**

WALTHAM, MA

<u>November 27, 2001</u>

FOR VALUE RECEIVED, the undersigned, Frederic Kunzi, (the "Maker"), promises to pay to the order of CTC Communications Corp. (the "Payee") the principal sum of Thirty-Two Thousand One Hundred Eighteen Dollars ($32,118.00) plus interest in the amount specified below. The unpaid principal from time to time outstanding shall bear interest prior to maturity at an annual rate of interest equal to ten and three quarter percent (10.75%) per annum, and all interest accrued on the outstanding principal balance of this Promissory Note shall be due and payable as provided below.

The Maker agrees to pay the entire amount due hereunder, including principal and all accrued and unpaid interest, on or before November 27, 2002. Interest hereon shall be calculated on the basis of a 360-day year applied to the actual number of days elapsed until all accrued and unpaid interest is paid in full. All payments of principal and interest hereon shall be payable in lawful currency of the United States.

If payment of the principal and/or interest is not actually received by the Payee on or before the date due, the Maker agrees to pay Payee a late charge equal to the lesser of fifteen percent (15%) per annum or the highest lawful rate per annum, on the delinquent amount until paid (the "Default Rate"). All interest due and payable hereunder which is not paid when due for any reason shall be cumulated, added to the principal and accrue interest at the Default Rate.

Prepayment of the principal of this Promissory Note is permitted, in whole or in part, at anytime, without premium or penalty of any kind. All partial prepayments of principal shall reduce the principal balance hereunder in reverse order of maturity.

This Promissory Note may not be changed orally, but only by an agreement in writing signed by the parties against whom enforcement of any waiver, change, modification or discharge is sought.

The holder of this Promissory Note and all successors thereof shall have all the rights of a holder in due course as provided by the Massachusetts Uniform Commercial Code and the other laws of the state of Massachusetts. Maker hereby waives demand, presentment, protest, notice of protest and/or dishonor and all other notices or requirements that might otherwise be required by law. The Maker promises to pay on demand all costs of collection, including reasonable attorneys' fees and court costs, paid or incurred by Payee to enforce this Promissory Note upon an Event of Default (as defined below) hereunder.

The occurrence of any of the following shall constitute an "Event of Default" under this Promissory Note:



EXHIBIT
9

a.   the failure of the Maker to make any payment when due under this Promissory Note:

b.   the institution of proceedings by or against the Maker under any state insolvency laws, federal bankruptcy law, or similar debtor relief laws then in effect.

Upon an Event of Default which has not been cured within ten (10) business days from the date of written notice by Payee, Payee may, at Payee's option and without notice, declare all principal and interest due under this Promissory Note to be due and payable immediately. Payee may waive any default before or after it occurs and may restore this Promissory Note in full effect without impairing the right to declare it due for a subsequent default.

_____
Frederic Kunzi

PROMISSORY NOTE

<u>$88,469</u>

WALTHAM, MA

<u>December 1, 2001</u>

FOR VALUE RECEIVED, the undersigned, Frederic Kunzi, (the "Maker"), promises to pay
to the order of CTC Communications Corp. (the "Payee") the principal sum of Eighty-Eight
Thousand Four Hundred Sixty-Nine Dollars ($88,469.00) plus interest in the amount specified
below. The unpaid principal from time to time outstanding shall bear interest prior to maturity
at an annual rate of interest equal to ten and three quarter percent (10.75%) per annum, and all
interest accrued on the outstanding principal balance of this Promissory Note shall be due and
payable as provided below.

The Maker agrees to pay the entire amount due hereunder, including principal and all
accrued and unpaid interest, on or before December 1, 2002. Interest hereon shall be
calculated on the basis of a 360-day year applied to the actual number of days elapsed
until all accrued and unpaid interest is paid in full. All payments of principal and interest
hereon shall be payable in lawful currency of the United States.

If payment of the principal and/or interest is not actually received by the Payee on or
before the date due, the Maker agrees to pay Payee a late charge equal to the lesser of
fifteen percent (15%) per annum or the highest lawful rate per annum, on the delinquent
amount until paid (the "Default Rate"). All interest due and payable hereunder which is
not paid when due for any reason shall be cumulated, added to the principal and accrue
interest at the Default Rate.

Prepayment of the principal of this Promissory Note is permitted, in whole or in part, at
anytime, without premium or penalty of any kind. All partial prepayments of principal
shall reduce the principal balance hereunder in reverse order of maturity.

This Promissory Note may not be changed orally, but only by an agreement in writing
signed by the parties against whom enforcement of any waiver, change, modification or
discharge is sought.

The holder of this Promissory Note and all successors thereof shall have all the rights of a
holder in due course as provided by the Massachusetts Uniform Commercial Code and
the other laws of the state of Massachusetts. Maker hereby waives demand, presentment,
protest, notice of protest and/or dishonor and all other notices or requirements that might
otherwise be required by law. The Maker promises to pay on demand all costs of
collection, including reasonable attorneys' fees and court costs, paid or incurred by Payee
to enforce this Promissory Note upon an Event of Default (as defined below) hereunder.

The occurrence of any of the following shall constitute an "Event of Default" under this
Promissory Note:



EXHIBIT
10

a.    the failure of the Maker to make any payment when due under this Promissory Note:

b.    the institution of proceedings by or against the Maker under any state insolvency laws, federal bankruptcy law, or similar debtor relief laws then in effect.

Upon an Event of Default which has not been cured within ten (10) business days from the date of written notice by Payee, Payee may, at Payee's option and without notice, declare all principal and interest due under this Promissory Note to be due and payable immediately. Payee may waive any default before or after it occurs and may restore this Promissory Note in full effect without impairing the right to declare it due for a subsequent default.

_____
Frederic Kunzi, Payee